IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

VICKI WHITEAKER and
LEONARD WHITEAKER                                                    PLAINTIFFS

V.                                               CAUSE NO. 3:08-cv-129-MPM-SAA

FRED'S STORES OF TENNESSEE, INC.                                     DEFENDANT

## ORDER

This cause comes before the court on the motion of defendant Fred's Stores of Tennessee, Inc. ("Fred's") for summary judgment, pursuant to Fed. R. Civ. P. 56. Fred's has alternatively sought partial summary judgment solely on the issue of punitive damages. Plaintiffs Vicki and Leonard Whiteaker have responded in opposition to the motions, and the court, having considered the memoranda and submissions of the parties, concludes that the motions are not well taken and should be denied.

This is a rather straight-forward trip and fall case arising out of injuries allegedly suffered by plaintiff Vicki Whiteaker on December 23, 2006 when she fell on a corral located in the parking lot of a Fred's store in Southaven, Mississippi. In contending that the corral constituted an unreasonably dangerous hazard, plaintiffs argue in their brief that:

> Fred's designed the barricade in such a manner, as to insure that when customers came out of the exit door, they could not walk directly out into the parking lot, but instead they would have to stop, make a turn to the right, and exit out of a 10 ft wide opening in the barricade. Mike Barthol, manager of the Southaven Fred's store, stated that he was simply told by corporate to buy timber and cylinder blocks and to erect "*some type of a barrier so that when folks came out the door, they couldn't go straight out, they would have to stop, make a little turn, and then go out that way (indicating)*". The configuration of the barricade amounted to an elaborate maze designed to redirect and slow down would be shoplifters and prevent "run-outs." ... [P]otential safety hazards associated with setting up this barricade were never discussed. The primary concern of Fred's and its employees was preventing shoplifting.

For its part, Fred's argues that, between the erection of the corral and plaintiff's fall, over 200,000 customers had visited the store in question without incident. Fred's accordingly argues that "no reasonable argument exists to justify plaintiff's averment that the subject corral posed an unreasonable risk of harm to Fred's customers."

From reading the parties' briefs, it does appear that plaintiffs' claims in this case are rather weak. At the same time, the issues before the court are ones of fact, rather than law, and it is apparent that this case is a rather prototypical one for resolution by a jury. Moreover, while the court can not imagine any scenario under which plaintiffs would be allowed to recover punitive damages, Mississippi Supreme Court authority suggests that any determination in this regard should only be made at a hearing following any verdict in favor of plaintiffs on the issue of liability. *Bradfield v. Schwartz*, 936 So. 2d 931, 940 (Miss. 2006). Defendant's motions for summary judgment will therefore be denied.

It is therefore ordered that defendant's motions for summary judgment [87-1, 89-1] are denied.

SO ORDERED, this the 3rd day of November, 2010.

    /s/ Michael P. Mills
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI